IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC SIROTKIN,

      Plaintiff,

v.                                                                                                No. 1:24-cv-01171-KK

SHADY SOFIA ROSE,

      Defendant.

**ORDER TRANSFERRING CASE TO THE DISTRICT OF OREGON**

Plaintiff[1] is a resident of New Mexico. *See* Complaint for Damages and Declaratory Relief for Breach of Contract, Promissory Estoppel, and Breach of the Covenant of Good Faith and Fair Dealing at 1, Doc. 1, filed November 19, 2024 ("Complaint"). Defendant is a resident of Oregon. *See* Complaint at 1. Plaintiff and Defendant owned a home together and have divorced. *See* Complaint at 1. Plaintiff and Defendant "entered into an oral agreement and a written Purchase Agreement" in which "Defendant bought out the Plaintiff's equity interest in said property" located in Oregon. Complaint at 2. Plaintiff alleges Defendant breached the contract that "was drafted and signed in New Mexico and countersigned in Oregon." Complaint at 1, ¶ 3.

The Court notified Plaintiff that it appears the District of New Mexico is not the proper venue for this action and that the District of Oregon is the proper venue for this action because Defendant resides in, Defendant's acts and omissions giving rise to Plaintiff's claims occurred in, and the property that is the subject of the contract is situated in the District of Oregon. *See* Order to Show Cause, Doc. 3, filed November 20, 2024 (quoting 28 U.S.C. §1391(b) (describing where

---

[1] Plaintiff is an attorney and has been admitted to practice in the United States District Court for the District of New Mexico.

civil actions may be brought). Furthermore, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over nonresident Defendant.

The Court ordered Plaintiff to show cause why the Court should not dismiss this case or transfer the case to the District of Oregon. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Plaintiff states that Defendant sent the agreement to Plaintiff in New Mexico for his signature and negotiated with him while in New Mexico but "accepts that there are also significant contacts in Oregon and that this court may not have personal jurisdiction over Defendant." Response to [Order] to Show Cause and Request to Transfer to District Court in Oregon, Doc. 4, filed December 2, 2024. Plaintiff asks that the Court transfer this action to the District of Oregon rather than dismissing the action.

The Court finds it is in the interest of justice to transfer this case to the District of Oregon because it appears Plaintiff's claims are likely to have merit. *See Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004) (listing factors to consider in deciding whether a transfer is in the interests of justice including whether the claims alleged are likely to have merit).

**IT IS ORDERED** that this action is **TRANSFERRED** to the District of Oregon.

*/s/ Kirtan Khalsa*
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**